IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRANDA OLUSHOLA,<br>    Plaintiff,<br><br>v.<br><br>TARRANT COUNTY HOSPITAL DISTRICT<br>d/b/a JPS HEALTH NETWORK,<br>    Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:22-CV-704-P<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pending before the Court is Defendant Tarrant County Hospital District's Motion to Dismiss Plaintiff's Amended Complaint [doc. 24], filed November 23, 2022. Having carefully considered the motion, response, and all relevant applicable law, the Court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I. BACKGROUND

On August 15, 2022, *pro-se* Plaintiff Branda Olushola filed her Complaint for Violation of Civil Rights in which she asserted claims under 42 U.S.C. § 1983 for violation of "Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended." Thereafter, in response to a motion to dismiss filed by Defendant, Plaintiff, on November 14, 2022, filed an Amended Complaint [doc. 20], which is the live pleading before the Court. In the Amended Complaint, Plaintiff brought a claim against Defendant pursuant to 42 U.S.C. § 1981, stating, "[Plaintiff's] claim for recovery under Section 1981 is based upon 42 U.S.C. § 1981, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens." (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 17; *see* Pl.'s Am. Compl. at 1 ("Plaintiff Branda Olushola presents her Complaint for

1

unlawful discrimination in violation of 42 U.S.C. § 1981."), 2 ("This is a suit authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") . . . .").

In its Motion to Dismiss, Defendant claims, *inter alia*, that Plaintiff did not state a claim upon which relief can be granted because section 1981 does not provide a cause of action against public employers such as Defendant. (Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Def.'s Mot. to Dismiss") at 5.) Defendant argues that "Section 1981 provides a cause of action to remedy racial discrimination by private employers in private employment contracts" and that Defendant is a governmental entity. (Def.'s Mot. to Dismiss at 5-6.) Moreover, Defendant claims that, to invoke a section 1981 claim against a local governmental entity, the "plaintiff alleging a claim under § 1981 against a state actor must assert such a claim under § 1983 to remedy violations of civil rights under § 1981." (Def.'s Mot. to Dismiss at 6.) Defendant argues that, because Plaintiff has not asserted any claim under section 1983 against Defendant, Plaintiff has failed to state a section 1981 claim against Defendant. (*Id.* at 6-7)

Defendant also argues that Plaintiff's claims are also prohibited under the four-year statute of limitations for claims brought under section 1981. (Def.'s Mot. to Dismiss at 8.) Defendant asserts that, since the allegedly discriminatory acts by Defendant occurred prior to August 15, 2018, Plaintiff's claims are barred by the statute of limitations because Plaintiff's original complaint was filed on August 15, 2022.[1] (Def.'s Mot. to Dismiss at 8.)

---

[1] The Court notes that, while Plaintiff did file a response to Defendant's motion to dismiss, such response is wholly unresponsive to the current pending motion to dismiss as Plaintiff referred only to Defendant's original Motion to Dismiss that was filed on November 7, 2022 (and subsequently found to be moot by the Court based on Plaintiff's Amended Complaint). (*See* Plaintiff's Response to Defendant's Motion to Dismiss at 1-2.)

## II. LEGAL STANDARD

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In

addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Texas Health and Hum. Servs. Comm. v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations and internal quotation marks omitted).

### III. ANALYSIS

The first issue is whether Plaintiff has stated a claim against Defendant for violation of 42 U.S.C. § 1981 for unlawful discrimination. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts," which "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). Section 1981 further states that the "rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

Section 1981 "serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race." *Jenkins v. City of Dallas*, No. 3:22-CV-0960-B, 2022 WL 6225559, at *3 (N.D. Tex. Oct. 6, 2022). It "provides a cause of action to remedy racial discrimination by private employers in private employment contracts." *See Lovelace v. Coppell Indep. Sch. Dist.*, No. 3:10-CV-1015-B(BK), 2010 WL 3943515, at *2 (N.D. Tex. Sept. 20, 2010), *report and rec. adopted*, 2010 WL 3943442 (N.D. Tex. Oct. 6. 2010). In 1989, the United States Supreme Court found that section 1981 did not provide a separate cause of action against local government entities. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989); *see also Sayibu v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, No. 3:09-CV-1244-B, 2010 WL 4780732, at *2 (N.D. Tex. Nov. 22, 2010) ("It is settled law in the 5th Circuit that an individual cause of

4

action under §1981 cannot be brought against a governmental entity like Parkland."); *Hill Scott v. Dallas County Hosp. Dist.*, No. 3:08-CV-600-O, 2010 WL 71038, at * (N.D. Tex. Jan. 7, 2010) (dismissing section 1981 claim against Defendant because Defendant is a governmental entity); *Lovelace*, 2010 WL 3943515, at *2 ("Because none of the defendants is a private employer, Plaintiff wholly fails to assert a cause of action for civil rights violations under section 1981 against [the public school district, which is a governmental entity]."

To state a claim under section 1981 and remedy violations of civil rights under such section, Plaintiff must assert such a claim against state actors under 42 U.S.C. § 1983. *Jenkins*, 2022 WL 6225559, at *4. Specifically, "the express action at law provided by §1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws provides the exclusive federal damages remedy for the violation of the rights guaranteed by section 1981 when the claim is pressed against a state actor." *Montgomery-Smith v. George*, 810 F. App'x 252, 256 (5th Cir. 2020) (internal citations and quotations omitted) (stating that, for Plaintiff to recover damages from a state entity, the section 1981 claims must be pursued through section 1983). While a "perfect statement of legal theory is not necessary to survive a motion to dismiss," Plaintiff's complaint must do more than implicitly reference section 1983. *Jenkins*, 2022 WL 6225559, at *4.

According to Defendant's Motion to Dismiss, Defendant was "created in 1959 pursuant to article IX, section 4 of the Texas Constitution and former article 4494n of the Revised Civil Statutes, which is now codified as Chapter 281 (Hospital Districts in Counties of at Least 190,000) of the Texas Health and Safety Code."[2] (Def.'s Mot. at 6.) *See Stern v. Tarrant Cty. Hosp. Dist.*, 565 F. Supp. 1440, 1452 (N.D. Tex. 1983) ("John Peter Smith Hospital is and was at all times

---

[2] In her Amended Complaint, Plaintiff appears to agree that Defendant is a public entity as she states that "JPS Health Network is a tax-supported corporation serving the healthcare needs of families in Tarrant County at more than 25 locations and maybe served at its registered address." (Pl.'s Am. Compl. at 1.)

5

pertinent to this litigation a public, tax-supported hospital owned and operated by the Tarrant County Hospital District, a political subdivision of the State of Texas."), *rev'd on other grounds*, 778 F.2d 1052 (5th Cir. 1985). Because Defendant is a governmental entity, Plaintiff cannot maintain a cause of action against Defendant pursuant to section 1981. To state a valid claim against Defendant under section 1981, Plaintiff must assert such a claim through section 1983. While a perfect statement of legal theory is not necessary to survive, Plaintiff does not mention section 1983 anywhere in her Amended Complaint.[3] *See Jenkins*, 2022 WL 6225559, at *4 (dismissing Plaintiff's claim for failure to state a claim under section 1981 because Plaintiff's "Complaint contains no mention of §1983 anywhere in the document"); *Allen v. Hammond City Police Dept.*, No. 19-12117, 2020 WL 433359, at *2 (E.D. La. Jan. 28, 2020) (stating that, because Plaintiff has failed to allege a claim under section 1983, Plaintiff cannot state a claim under section 1981 against the Hammond City Police Department); *cf. Escamilla v. Elliott*, 816 F. App'x 919, 923 (5th Cir. 2020) (finding that Plaintiff's complaint, although not a model of clarity, did state that the action was brought under 42 U.S.C. §1981 and § 1983 and, thus, Plaintiff had stated a claim under § 1981). Consequently, Plaintiff, who was given an opportunity to amend her original complaint and filed an amended complaint, has failed to assert a proper claim against Defendant under section 1981. Consequently, the Court **FINDS and CONCLUDES** that Defendant's motion to dismiss should be **GRANTED**.

---

[3] While Plaintiff did assert a claim under section 1983 in her original complaint, Plaintiff failed to do so in her amended complaint, which is the live pleading before the Court and supersedes Plaintiff's original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")

6

## IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [doc. 24] be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 19, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED April 5, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE