UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRANDA OLUSHOLA,**

　Plaintiff,

v.　　　　　　　　　　　　　　No. 4:22-cv-0704-P

**TARRANT COUNTY HOSPITAL DISTRICT D/B/A JOHN PETER SMITH (JPS) HOSPITAL,**

　Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 31. The FCR recommends that the Court grant Defendant's Motion to Dismiss Plaintiff's Complaint. *Id.* at 1. Plaintiff timely filed Objections to the FCR and Defendant filed its response. ECF Nos. 32, 33, 34. The Court accordingly conducts a *de novo* review of the FCR.

For the following reasons, the Court **AFFIRMS** the Magistrate's ruling, **ADOPTS** the FCR's reasoning, and **OVERRULES** Plaintiff's Objection (ECF Nos. 32, 34).

## BACKGROUND

In 2017, Plaintiff was hired as a Help Desk Technician in Defendant's Information Technology department. ECF No. 1 at 11. Beginning that year, Plaintiff allegedly observed a general pattern of various employees making racially insensitive comments on several communication and social media platforms. ECF No. 24 at 2–3. After raising issues with management, Plaintiff alleges that her white colleagues were given "preferential treatment" over scheduling and other matters despite Plaintiff's "outperforming" them. *Id.* at 8–11. In 2019, Plaintiff was reported to Human Resources after controversy with

a coworker and was subsequently counseled for "unacceptable performance." *Id.* at 12. In Summer 2020, Plaintiff reported specific allegedly racially discriminatory comments made by a colleague on the public department messaging platform. *Id.* at 13. Defendant's HR Department investigated Plaintiff's allegation and determined that the colleague's comments made were "inappropriate." *Id.* at 14.

Plaintiff was terminated five days after the conclusion of the investigation. *Id.* Plaintiff then filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), alleging that her termination was the result of her "reporting racially sensitive information to HR." *Id.* at 15. The EEOC determined that Plaintiff failed to provide any proof linking her termination to discrimination because of her race. *Id.*

Plaintiff sued in August 2022, alleging racial discrimination in violation of 42 U.S.C. § 1983. ECF No. 1. Plaintiff's Amended Complaint then alleged racial discrimination in violation of 42 U.S.C. § 1981. ECF Nos. 20, 31 at 2. Defendant filed its Motion to Dismiss for failure to state a claim. ECF No. 24.

## LEGAL STADARD

### A. FRCP 12(b)(6)

A court may dismiss a complaint when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive, a plaintiff must assert specific, well-pleaded facts and avoid conclusory allegations. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Plaintiffs must plead enough facts to assert a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678–79 (2009). And a complaint is facially plausible when it alleges enough facts to allow a court to reasonably conclude that the Defendant is liable for the misconduct alleged. *Id.* at 663.

## ANALYSIS

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . and to the full and equal benefit of the laws . . . as is enjoyed by white persons." 42 U.S.C. § 1981(a). 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law] . . . subjects, or

2

causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

Thus, § 1983 provides an express right of action for the violation of one's civil rights by a state actor, while § 1981 does not. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 703 (1989). Hence, for a party to assert a § 1981 claim for racial discrimination in contract or employment against a government actor, that party must plead their claim *through* the mechanism of § 1983—and must plead § 1983 in his or her complaint. *Id.*; FED. R. CIV. P. 8(a).

But, while the pleading requirements call for a plain statement showing the grounds for the court's jurisdiction, "they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). Against this backdrop, the Fifth Circuit has reversed dismissals of § 1981 claims when a plaintiff fails to cite § 1983 in the appropriate section of the complaint but incorporates its reference from elsewhere in the pleading. *See Escamilla v. Elliott*, 816 F.App'x 919, 924 (5th Cir. 2020).

The Northern District of Texas recently confronted this issue in *Jenkins v. City of Dallas*, 3:22-CV-0960-B, 2022 WL 6225559 (N.D. Tex. Oct. 6, 2022), where the plaintiff in an employment discrimination suit against his municipal employer failed to plead § 1983 as the procedural vehicle for his claim under § 1981. *Jenkins*, 2022 WL 6225559 at *4. The court acknowledged but distinguished *Escamilla*, noting that Jenkins (unlike Escamilla) failed to mention § 1983 *anywhere* in his complaint. *Id.* Thus, "[w]hile a perfect statement of legal theory [was] not necessary to survive dismissal, [the plaintiff's] Complaint fail[ed] to state the *only theory* needed to state a claim." *Id.*

This case is analogous to *Jenkins*. Plaintiff's Amended Complaint fails to mention 42 U.S.C. § 1983 anywhere in the document and she also fails to display it in her briefing.[1] ECF No. 20. And—even operating

---

[1] Here, the Magistrate Judge recommended that the Court grant Defendant's Motion to Dismiss because Plaintiff failed to properly plead § 1983 as the vehicle for her racial discrimination claim against the hospital district as a state actor. ECF No. 31 at 6. Plaintiff's objection artfully attempts to cite general legal websites and statutory

3

as a "non-profit organization—the Tarrant County Hospital District is a state actor, requiring at least some incorporation of § 1983 from within the pleading for the claim to remain procedurally viable. *See Stern v. Tarrant Cty. Hosp. Dist.*, 565 F. Supp. 1440, 1452 (N.D. Tex. 1983) ("John Peter Smith Hospital is and was at all times pertinent to this litigation a public, tax-supported hospital owned and operated by the Tarrant County Hospital District, a political subdivision of the State of Texas."). Thus, as in *Jenkins*, Plaintiff failed to properly plead her § 1981 discrimination claim because she made *no* mention of "the *only theory* needed to state a claim [, § 1983]."

Thus, for the reasons stated in the Magistrate Judge's FCR, this Court concludes that Plaintiff's claim fails as a matter of law and must be **DISMISSED**.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, and Plaintiff's Objections and Responses, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections. Defendant's Motion to Dismiss (ECF No. 24) is **GRANTED.**

**SO ORDERED** on this **28th day** of **April 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

definitional provisions to argue that, because the Tarrant County Hospital District is operated as a non-profit and has an associated charitable fundraising foundation, it is not a government entity. ECF No. 32 at 1–4; ECF No. 34 at 1–2. She then proceeds to recount many of the same facts alleged in her Amended Complaint. ECF No. 32 at 4–19; ECF No. 34 at 3–8.

4